**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 01 1997

[Clerk signature]
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

No. CIV-97-0597 JP/RLP
CR-95-483 JP

RENE MARTINEZ ARELLANO,

Defendant.

ENTERED ON DOCKET
10/1/97

## MEMORANDUM OPINION AND ORDER

This matter is before the Court to consider Defendant's motion to strike or to expedite judgment (Doc. #5) filed August 28, 1997. The motion disputes Plaintiff's grounds for opposing the § 2255 motion and contends that, because Defendant is incarcerated for conduct that is not criminal, any delay in granting his § 2255 motion further violates his constitutional rights.

Defendant's allegations do not provide a basis for striking Plaintiff's answer to the § 2255 motion. An answer should not be stricken unless it sets up an insufficient defense or contains immaterial or scandalous material. Fed.R.Civ.P. 12(f); *see Hendry v. Schneider*, 116 F.3d 446, 450 (10th Cir. 1997); *Phillips v. Carey*, 638 F.2d 207, 208-09 (10th Cir.), *cert. denied*, 450 U.S. 985 (1981). Here, Defendant simply disagrees with Plaintiff's arguments. The motion to strike will be denied.

The motion to expedite argues that the conduct for which Defendant is incarcerated



was decriminalized by § 5G1.3(a) of the United States Sentencing Guidelines ("U.S.S.G."). As a result, Defendant's sentence should have been imposed concurrently with his previous sentence, and he should be released immediately. The argument fails for two reasons. First, the Guidelines are not criminal statutes and do not determine the criminal nature of Defendant's conduct. And second, according to Application Note 6 to § 5G1.3, if the offense occurs while a defendant is on parole, the sentence should be imposed consecutively. Defendant concedes that the escape for which he stands convicted occurred during his detention on charges of parole violation. His own allegations thus contradict the argument for expedited treatment. The motion will be denied.

IT IS THEREFORE ORDERED that Defendant's motion to strike or to expedite judgment (Doc. #5) filed August 28, 1997, is DENIED.

*[signature]*
UNITED STATES DISTRICT JUDGE