FILED
U.S. DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

DEC 12 1997

CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

    No. CIV-97-1456 JP/RJD
    CR-95-483 JP

RENE MARTINEZ ARELLANO,

    Defendant-Movant.

ENTERED ON DOCKET
12/15/97

## MEMORANDUM OPINION AND ORDER

This matter is before the Court sua sponte to review Defendant-Movant's motion filed November 10, 1997, under 18 U.S.C. § 3585(b), seeking credit against his sentence for prior custody. The motion was treated administratively as a motion under 28 U.S.C. § 2255, and a civil file was opened. Because the Court has no jurisdiction to consider the motion under 18 U.S.C. § 3585(b), the motion will be denied.

> The Supreme Court held in *United States v. Wilson*, --- U.S. ---, ---, 112 S.Ct. 1351, 1354, 117 L.Ed.2d 593 (1992), that § 3585(b) "does not authorize a district court to compute [a sentence] credit at sentencing" .... Rather, credit awards must be made by the Attorney General, through the Bureau of Prisons, after sentencing. Id. at ---- - ----, 112 S.Ct. at 1354-55. In so holding, the Court recognized that under § 3585(b), "Congress has indicated that computation of the credit must occur *after* the defendant begins his sentence...." Id. at ----, 112 S.Ct. at 1354.... See *United States v. Brann*, 990 F.2d 98, 104 (3d Cir.1993) ("the district courts do not have jurisdiction to grant credit for prior custody" under *Wilson*).

*United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994).

The instant motion does not allege the Bureau has refused to award credit or has calculated Defendant's sentence other than as imposed by the Court. Rather, Defendant argues,

1

39

as he did through counsel in briefs filed at the time of sentencing, that the sentence itself was improperly calculated and imposed. "[Defendant-Movant] must bring his request for sentence credit to the Bureau of Prisons when it calculates his term of confinement. The Bureau's determination is subject to review by writ, should [Defendant-Movant] be dissatisfied." *United States v. Kelly*, 16 F.3d 418 (Table, text in Westlaw), 1994 WL 28411 (10th Cir.1994). Defendant currently has a pending motion under 28 U.S.C. § 2255. The Court has no jurisdiction to consider the motion under 18 U.S.C. § 3585(b). *Jenkins*, 38 F.3d at 1144.

IT IS THEREFORE ORDERED that Defendant-Movant's motion filed November 10, 1997, under 18 U.S.C. § 3585(b) is DENIED, and this civil proceeding is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE