

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 1 2 1999

CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff\Respondent

v.

    Civ. No. 97-0597 JP\RLP
    Cr. No. 95-0483 JP

RENE MARTINEZ-ARELLANO,

    Defendant\Movant

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1.    This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence and Conviction, filed pursuant to 28 U.S.C. § 2255, filed on April 28, 1997. Defendant\Movant Rene Martinez-Arellano ("Martinez-Arellano") is currently confined at the Federal Correctional Facility-La Tuna in Anthony, New Mexico. He attacks the judgment and sentence of the United States District Court for the District of New Mexico entered in *United States of America v. Martinez-Arellano*, Cr. No. 95-0483 JP, entered on May 8, 1996 [Cr. Doc. 30]. After a jury trial, Mr. Martinez-Arellano was found guilty of one count of attempted escape from federal custody in violation of 18 U.S.C. § 751(a). *Id.* He was sentenced to a term of 12 months and 1 day, such sentence to run consecutively to his parole term. [Cr. Doc. 29].

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendation that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.



2.     The sole ground raised by Mr. Martinez-Arellano in his petition is that he was denied effective assistance of counsel.  He claims three *instances of ineffective assistance*: (1) "Counsel failed to follow[] the proper Court's Procedure [*sic*];" (2) counsel failed to argue his double jeopardy and speedy trial violations; and (3) counsel failed to argue that Mr. Martinez-Arellano was under the jurisdiction of the Bureau of Prisons ("BOP") and not the Attorney General.  Motion [Doc. 1].  For all of the reasons set forth below, I recommend that Mr. Martinez-Arellano's Motion be denied and this case dismissed with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

3.     On September 7, 1995 the grand jury returned an Indictment charging Mr. Martinez-Arellano with a violation of 18 U.S.C. § 751(a) (attempted escape from federal custody) [Cr. Doc. 1].  Mr. Martinez-Arellano had been incarcerated at the Torrance County Detention Facility "at the direction of the Attorney General by virtue of a judgment and commitment order of the United States District Court for the Southern District of California, upon conviction for the offense of Importation of Narcotics." *Id.*  His attempted escape occurred on March 10, 1994.  He was not arraigned until almost 18 months later, on November 3, 1995 [Cr. Doc. 2].

4.     On November 6, 1995, Mr. Martinez-Arellano filed a *pro se* Motion to Dismiss [Cr. Doc. 4], stating that his constitutional right to a speedy trial had been violated because he should have been indicted on March 14, 1994, not September 7, 1995.  Counsel had been appointed to represent Mr. Martinez-Arellano on November 3, 1995 [Cr. Doc. 5] and so his Motion was denied by order of the district court [Cr. Doc. 10].

2

5.  A jury trial began on January 4, 1996 and the jury returned a guilty verdict on January 5, 1996. In post-trial sentencing motions, counsel for Mr. Martinez-Arellano requested a downward departure from United States Sentencing Guideline 5K2.0 and 18 U.S.C. § 3353(b); or, alternatively, to have the sentence run concurrently with the parole violation [Cr. Doc. 24]. As stated by counsel, Mr. Martinez-Arellano was at that time serving a 44 month sentence "primarily the result of the parole violation for attempted escape, although there were two other parole violations, one for excessive use of alcoholic beverages and one for a conviction of DUI (same conduct)." *Id.* at 2, ¶ 4. Counsel stated that Mr. Martinez-Arellano's parole term was revoked on July 15, 1994 and "he was sentenced to 44 months of imprisonment." *Id.* Thus, argued counsel, the Sentencing Guidelines "did not take into account the possibility than an individual would receive essentially what is double punishment for identical conduct. Mr. Martinez-Arellano has been punished twice for his alleged conduct of attempting to escape." *Id.* at ¶ 5. The district court denied Mr. Martinez-Arellano's request and imposed the consecutive sentences.

## ISSUES PRESENTED

6.  Section 2255 is not available to test the legality of matters which should have been raised on direct appeal. *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995). Accordingly, if a defendant fails to present an issue on direct appeal, then he is barred from later raising it absent a showing of cause for the procedural default *and* actual prejudice for a fundamental miscarriage of justice if the claim is not addressed. *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994). The cause element may be met by a

showing of ineffective assistance of counsel. Cook, 45 F.3d at 392. As indicated previously, Mr. Martinez-Arellano raises all of his claims in the context of a Sixth Amendment claim for ineffective assistance of counsel.

7. To establish a claim of ineffective assistance of counsel, the defendant must establish (i) that counsel's performance was constitutionally deficient; and (2) that the petitioner was prejudiced thereby. Strickland v. Washington, 466 U.S. 668 (1984). "Counsel's performance is deficient if the representation 'falls below an objective standard of reasonableness.'" Cook, 45 F.3d at 392 (quoting Strickland, 466 U.S. at 690).

### Failure to follow procedures

8. The first issue raised is that counsel "failed to follow[] the proper Court's Procedure." Mr. Martinez-Arellano fails to provide the court with any factual support for this alleged claim. A defendant who fails to allege any particulars in which representation was inadequate may not prevail on a claim of ineffective assistance based on conclusory allegations. Eskridge v. United States, 443 F.2d 440, 443 (10th Cir. 1971). Mr. Martinez-Arellano's first claim fails under this standard.

### Double Jeopardy

9. Mr. Martinez-Arellano next argues that counsel failed to argue that Mr. Martinez-Arellano's double jeopardy rights were violated. Because no facts in support of this claim were pled, the court assumes that Mr. Martinez-Arellano is referring to the sentencing arguments advanced in ¶ 5, supra. As shown in that paragraph, counsel did argue that Mr. Martinez-Arellano was being punished twice for the same crime; those arguments were rejected by the district court judge. The failure to prevail on a claim is not

4

ineffective assistance of counsel. Because Mr. Martinez-Arellano can show neither prong of *Strickland*, this claim fails as well.

## Speedy Trial

10. Mr. Martinez-Arellano asserts counsel was ineffective for failing to argue a violation of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* In general, the Act requires that a defendant charged with a crime must be tried within 70 days of the filing of the indictment or from the date the defendant first appears before a judicial officer of the court, whichever is later. 18 U.S.C. § 3161(c)(1); *United States v. Dirden*, 38 F.3d 1131, 1135 (10th Cir. 1994). As shown above, Mr. Martinez-Arellano was indicted on September 7, 1995 and arraigned on November 3, 1995. He was tried on January 4, 1996, a period of less than 70 days from the arraignment. Thus, the Act was not violated.

11. Liberally construing Mr. Martinez-Arellano's claims, *see Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991), I will assume that he is also claiming a constitutional violation of his right to a speedy trial.

12. The speedy trial provision contained in the Sixth Amendment has no application "to the period prior to arrest." *United States v. Marion*, 404 U.S. 307, 321 (1971). Only when the "putative defendant in some way becomes an 'accused' . . ." is the Sixth Amendment implicated. *Id* at 313. Mr. Martinez-Arellano did not become an "accused" until 18 months later when he was indicted. Mr. Martinez-Arellano was already in custody on another charge, but that does not equate to being "arrested" for the attempted escape charge. Indeed, the warrant for his arrest was not issued until September 8, 1995 [Cr. Doc. 1]. *Cf. Smith v. Hooey*, 393 U.S. 374 (1968) (incarcerated

5

prisoner's Sixth Amendment rights violated where indictment on another charge had been filed six years previously). The Sixth Amendment has no application to this case[2] and therefore the balancing factors in Barker v. Wingo, 407 U.S. 514 (1972) do not apply.

13. The Due Process Clause of the Fifth Amendment applies in assessing cases of preindictment delay. "Preindictment delay is not a violation of the Due Process Clause unless the defendant shows both that the delay caused actual prejudice and that the government delayed purposefully in order to gain a tactical advantage." Untied States v. Johnson, 120 F.3d 1107, 1110 (10th Cir. 1997).

14. Mr. Martinez-Arellano can show neither prejudice nor the government's purposeful delay. Although it is claimed that exculpatory witnesses became unavailable, there are no specific facts given to indicate these individuals' names or likely testimony. Further, the fact that witnesses were unavailable does not justify an inference that the government gained a tactical advantage therefrom. Because Mr. Martinez-Arellano cannot show that he would prevail on this Due Process claim, he cannot show that he received ineffective assistance of counsel.

### Failure to argue jurisdiction

15. Mr. Martinez-Arellano's final claim is that counsel was constitutionally defective for failing to argue that Mr. Martinez-Arellano was in the custody of the Bureau of Prisons (BOP) rather than the Attorney General. The court assumes that Mr. Martinez-Arellano is making the following argument. The statute that he violated, 18 U.S.C. §

---

[2] Similarly, Fed.R.Crim.P. 48(b) is limited to post-arrest delays. United States v. Kalady, 941 F.2d 1090, 1094 (10th Cir. 1991).

6

751(a) provides:

> Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both; or if the custody or confinement is for extradition or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined not more than $1,000 or imprisoned not more than one year, or both.

16. Mr. Martinez-Arellano is apparently claiming that the statute provides that he must have been in the custody of the Attorney General, but that he was in reality in the custody of the BOP when he attempted his escape. The Indictment states that Mr. Martinez-Arellano

> did knowingly attempt to escape from custody at the Corrections Corporation of America, Torrance County Detention Facility, an institution and facility in which he was lawfully confined at the direction of the Attorney General by virtue of a judgment and commitment order of the United States District Court for the Southern District of California, upon conviction for the offense of Importation of Narcotics.

Indictment [Cr. Doc. 1].

17. The Judgment entered in his criminal case, see Exhibit 1 to the Government's Answer [Doc. 3] places Mr. Martinez-Arellano in "the custody of the Attorney General or his authorized representative . . . ." Being "in custody" by "direction of the Attorney General" is an element of the offense, see Fifth Circuit Pattern Jury Instructions

No. 2.36 (1990), and because Mr. Martinez-Arellano was found guilty by the jury the Government necessarily proved this element of the offense.

18. Because all of Mr. Martinez-Arellano's grounds for relief are without merit, he necessarily fails on his claim of ineffective assistance of counsel because he cannot show that his counsel's performance was constitutionally deficient as required by *Strickland*.

## Recommended Disposition

I recommend that the Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] be denied; that the Government's Motion for Reconsideration [Doc. 9] be granted; and that this case be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge